IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>ROGER J. HEIDERSCHEIT and<br>JUDITH M. HEIDERSCHEIT<br><br>Debtors.<br>_____<br><br>SHERYL SCHNITTJER, in her sole capacity as Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA BRENKE,<br><br>Defendant. | Chapter 7 Bankruptcy<br>Case No. 21-00105<br><br><br>Adversary Case No. _____<br><br><br><br>**COMPLAINT TO RECOVER PREFERENCE AND FOR OTHER RELIEF** |

COMES NOW Plaintiff Sheryl Schnittjer, in her sole capacity as Trustee ("*Trustee*" or "*Plaintiff*"), by and through her counsel, and in support of this Complaint respectfully states:

**PARTIES, VENUE AND JURISDICTION**

1. On February 9, 2021, the Debtors Roger J. Heiderscheit ("*Roger*") and Judith M. Heiderscheit ("*Judith*" and collectively, the "*Debtors*") filed a voluntary Chapter 7 Petition in this Court (the "*Petition Date*").

2. Plaintiff is the duly appointed Trustee in the Chapter 7 case filed by the Debtors, and Plaintiff has been and is serving as the Trustee administering the Chapter 7 case filed by the Debtors.

3. Upon information and belief, Defendant Linda Brenke ("*Defendant*") is Roger's sister, and resides within the Northern District of Iowa.

4. This Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. § 157, sections 105, 541, 544, 547, 550, and 551 of Title 11 of the United States Code (the "*Bankruptcy Code*"), as well as Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

6. To the extent, if at all, that this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of a final judgment and a rendition of legal conclusions by this Court.

7. Venue is proper in this Court and District of operation of 28 U.S.C. § 1409.

## COUNT I
## AVOIDANCE OF TRANSFER AS A PREFERENCE
## PURSUANT TO 11 U.S.C. § 547

8. Upon information and belief, Debtors are the parents of Jeff Gotto ("*Jeff*").

9. In September 2020, Jeff had been arrested and was being held in Dubuque County Jail for multiple criminal matters on a cash bond.

10. Upon information and belief, Defendant loaned the necessary funds to Debtors to post bail for their son Jeff in September 2020.

11. On September 22, 2020, Judith posted cash bond in the amount of $23,500.00 for Jeff's release, a copy of which is attached as **Exhibit 1001**.

12. Upon information and belief, after the criminal prosecutions against Jeff concluded, the Dubuque County Jail returned the funds that the Debtors had used to post Jeff's bail back to the Debtors.

13. The Debtors deposited these funds from the Dubuque County Jail in the amount of $22,500 in Debtors' IRA account with DuTrac Community Credit Union on November 16, 2020.

14. On November 20, 2020, Debtors withdrew, via check, $22,200.00 (the "*Loan Repayment*") from their IRA account.

15. Upon information and belief, Debtors gave the Loan Repayment to Defendant on November 20, 2020 to pay back the loan Defendant made to Debtors that enabled Debtors to post Jeff's cash bail.[1]

16. The transfer of the Loan Repayment by Debtors to Defendant was a transfer of property in which the Debtors had an interest, within the meaning of Section 547 of the Bankruptcy Code.

17. To the extent the transfer was in partial satisfaction of moneys due to the Defendant from Debtors, the transfer was for the benefit of Defendant in her capacity as a creditor, and was made to satisfy an antecedent debt, all within the meaning of Section 547 of the Bankruptcy Code.

18. The transfer occurred while the Debtors were insolvent within 90 days of the Petition Date. Thus, pursuant to Section 547(f) of the Bankruptcy Code, Debtors are presumed to have been insolvent. Additionally, according to the Debtors' Schedule Summary, Debtors had liabilities of $340,187 and assets of $66,051. Furthermore, according to information displayed on the Statement of Financial Affairs, the Plaintiff reasonably believes, and therefore asserts, there was no significant change in the Debtors' net worth from

---

[1] The Trustee reserves the right to name additional parties as Defendants in this matter in the event that the Trustee determines that the Loan Repayment was transferred to another party in conjunction with or separate from Defendant.

circa November 2020 through the Petition Date. The Debtors' insolvency as of the Petition Date likely meant the Debtors were indeed also insolvent as of circa November 2020.

19. If the Debtors had not transferred these funds to Defendant on November 20, 2020, and if Defendant were to then participate as a holder of unsecured claims against the Estate, Defendant would not have received the full value of the payment that Debtors transferred to Defendant. As such the Defendant's financial condition was improved, within the meaning of Section 547 of the Bankruptcy Code.

20. Defendant is a relative of the Debtors and is an "insider," as defined in both Section 101 of the Bankruptcy Code and Iowa Code Chapter 684.

21. The transfer of the Loan Repayment funds from the Debtors to Defendant should, therefore, be set aside and avoided, and title to the funds and any proceeds therefrom should therefore be vested in the Bankruptcy Estate, free and clear of all claims, title, or interest of Defendant, to be administered by the Plaintiff for the benefit of all unsecured creditors.

### COUNT II
### AVOIDANCE OF FRAUDULENT TRANSFER
### PURSUANT TO 11 U.S.C. § 544 AND IOWA CODE CHAPTER 684

22. Pursuant to the powers granted to the Trustee according to 11 U.S.C. § 544, the Trustee is entitled to void fraudulent transfers effectuated by the Debtors pursuant to applicable non-bankruptcy law, including Iowa state law.

23. Iowa Code Chapter 684 is an applicable non-bankruptcy law that entitles and enables the Trustee to seek avoidance of fraudulent transfers.

24. Debtors' transfer of the Loan Repayment was a transfer to Defendant for an antecedent debt and Debtors were insolvent at the time of the transfer of the Loan Repayment

to Defendant. Again, by way of illustration and example and not by limitation, the Debtors' Schedule Summary reported that as of the Petition Date, Debtors had liabilities of $340,187 and assets of $66,051. The Debtors' insolvency as of the Petition Date likely meant the Debtors were indeed also insolvent as of circa November 2020.

25. The Defendant, being a close family relative of the Debtors and an apparent creditor of the Debtors, knew or had reasonable cause to know Debtors were insolvent at the time of the transfer of the Loan Repayment from Debtors to Defendant.

26. Because Defendant is an insider as defined by Iowa Code Chapter 684, the Defendant, upon receipt of the Loan Repayment from Debtors, was preferred, fraudulently, over other non-insider unsecured creditors, within the meaning of the insider provision of Iowa Code § 684.5(2).

27. The transfer of the Loan Repayment from the Debtors to the Defendant should therefore be set aside and voided, and that title to the Loan Repayment should be vested in the Bankruptcy Estate, to be administered by the Plaintiff Trustee for the benefit of all unsecured creditors.

WHEREFORE, the Trustee respectfully prays that this Court on such notice and hearing, as it may direct, enter an order: (a) providing for an accounting of any and all transfers or payments of any and all moneys or property from Debtors to Defendant within a year of the Petition Date; (b) avoiding any and all transfers or payments of any and all moneys or property, including the Loan Repayment, from Debtors to Defendant pursuant to 11 U.S.C. § 547, 11 U.S.C. § 544 and Iowa Code Chapter 684 and further vesting title in the property to the estate and the Trustee; (c) entering judgment in favor of Plaintiff Trustee and against the Defendant, for any damages suffered by the estate, including interest, costs, and

attorney's fees; and (d) granting such further relief as may be just and proper under the circumstances.

DATED: April 7, 2021

Respectfully submitted,

/s/ Jackson C. Blais
Eric W. Lam, AT0004416
Jackson C. Blais, AT0014222
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
jblais@spmblaw.com
ATTORNEYS FOR PLAINTIFF TRUSTEE

SSTE Heiderscheit/Pleadings/Drafts/Complaint against Jerry and Linda Brenke.040721.1535.jcb

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sheryl Schnittjer, in her sole capacity as Trustee | **DEFENDANTS**<br>Linda Brenke |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jackson C. Blais at Simmons Perrine Moyer Bergman PLC<br>115 3rd Street SE, Ste. 200, Cedar Rapids, IA 52401<br>Ph. (319)366-7641 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>X Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   X Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Recover Preference and for Other Relief

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) - Recovery of Money/Property**<br>   11-Recovery of money/property - §542 turnover of property<br>X 12-Recovery of money/property - §547 preference<br>   13-Recovery of money/property - §548 fraudulent transfer<br>   14-Recovery of money/property - other | **FRBP 7001(6) - Dischargeability (continued)**<br>61-Dischargeability - §523(a)(5) domestic support<br>68-Dischargeability - §523(a)(6) willful and malicious injury<br>63-Dischargeability - §523(a)(8) student loan<br>64-Dischargeability - §523(a)(15) divorce or separation obligation (other than domestic support)<br>65-Dischargeability - other |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien**<br>21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) - Approval of Sale of Property**<br>31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(7) - Injunctive Relief**<br>71-Injunctive relief - imposition of stay<br>72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge**<br>41-Objection / revocation of discharge - §727(c), (d), (e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation**<br>51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability**<br>66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | **FRBP 7001(10) Determination of Removed Action**<br>01-Determination of removed claim or clause<br><br>**Other**<br>SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*<br>02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $22,200 |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Roger J. Heiderscheit and Judith M. Heiderscheit | BANKRUPTCY CASE NO.<br>21-00105 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Iowa | DIVISION OFFICE<br>Dubuque | NAME OF JUDGE<br>Thad J. Collins |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Jackson C. Blais | |
| DATE<br>4/7/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jackson C. Blais, AT0014222 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do no replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.